This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                       **NO. 30,071**

**LARRY PEREA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. "Bob" Schwartz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his conviction for one count of trafficking controlled substances pursuant to his conditional plea which reserves the right to appeal the denial of his motion to suppress. We proposed to affirm in a notice of proposed

summary disposition, and Defendant has filed a timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we affirm.

Defendant contends that the district court erred in denying his motion to suppress because the stop was pretextual and Officer Miller did not have reasonable suspicion to stop the vehicle based on information provided by Officer Simballa. [MIO 1; DS 5] We review the denial of a motion to suppress as a mixed question of fact and law. *State v. Gutierrez*, 2004-NMCA-081, ¶ 4, 136 N.M. 18, 94 P.3d 18. We determine whether the law was correctly applied to the facts and view "the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785; *see State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856. We will employ all reasonable presumptions in support of the district court's ruling. *See id.* ¶ 11.

A stop must be supported by reasonable suspicion developed before making the stop. *State v. Williams*, 2006-NMCA-062, ¶ 22, 139 N.M. 578, 136 P.3d 579. A reasonable suspicion is a particularized suspicion based on the totality of the circumstances that the individual is breaking or has broken the law. *See Jason L.*, 2000-NMSC-018, ¶ 20.

We briefly review the testimony introduced at the suppression hearing. Officers appeared at a motel room to arrest James Walker (JW), and in exchange for not being

arrested, JW offered to set up a narcotics buy. [MIO 1-2; RP 114-115] JW told Officer Simballa he would set up the buy from Defendant and a female named Darlene. [MIO 2; RP 115] JW made a phone call to a man later identified as Defendant, while Simballa listened in on the phone conversation. [MIO 2; RP 116] JW told Defendant that he needed a "bill fifty" meaning $150 worth of cocaine. [RP 116] The man agreed to meet with JW after he "[woke] up his old lady." [MIO 2; RP 116] Defendant asked JW to call him back and during the second call, JW spoke with a woman identified as Darlene. [MIO 2; RP 116] Darlene told JW to meet her at the McDonalds located at Tramway and Central, and he agreed. [MIO 2; RP 116] Simballa learned from JW that the two persons would be in a white older model full size van, possibly a Ford. [MIO 2; RP 102, 115]

In continuing the investigation, Officer Simballa spoke with Officer Miller and told Officer Miller to look for an older model white Ford van registered to Darlene with a possible last name of Castillo [MIO 2-3; RP 116] The van would be traveling east on Central Avenue between Burma and Juan Tabo. [RP 101, 116] Officer Miller then began patrolling Central between Juan Tabo and Tramway and spotted a white Ford van traveling east on Central. [MIO 3; RP 102] Officer Miller got behind the van and ran the license plate which came back registered to Darlene Castillo. [MIO 3; RP 102; 117] He followed the van into the McDonald's parking lot on Central at

Tramway after observing the driver change lanes without signaling and noting that the license plate lamp was not lit. [MIO 3; RP 102, 117]

After stopping the vehicle, Officer Miller approached and learned that the driver was Darlene Castillo and the passenger, Defendant, identified himself to Officer Miller as Larry. [RP 102] Defendant was fumbling with his hands and bending over at the waist. [MIO 3] Officer Miller ordered him out of the vehicle, and Castillo consented to a search of the vehicle. [MIO 3] A drug pipe was found in the van, and drugs were found on Defendant's person. [MIO 3] Defendant was charged with trafficking cocaine, conspiracy to traffic, tampering with evidence and unlawful carrying of a deadly weapon. [MIO 4; RP 2-4]

At the hearing, Officer Miller testified that the only reason he stopped the vehicle was because Simballa told him to keep an eye out. [MIO 8] He testified that he would have stopped the van even without the traffic violation because he believed he had reasonable suspicion of drug trafficking. [MIO 8; RP 117]

Defendant contends that the stop was illegal because it was pretextual pursuant to *State v. Ochoa,* 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143 (filed 2008), *cert quashed*, 2009-NMCERT-011, 147 N.M. 464, 225 P.2d 794. [MIO 8-10] "A pretextual traffic stop is a detention supportable by reasonable suspicion or probable cause to believe that a traffic offense has occurred, but is executed as a pretense to

4

pursue a 'hunch,' a different more serious investigative agenda for which there is no reasonable suspicion or probable cause." *Ochoa*, 2009-NMCA-002, ¶ 25.

In our notice of proposed summary disposition, we proposed to affirm because, even though Officer Miller had reason to believe that a traffic offense occurred, the stop was executed to pursue a "more serious investigative agenda." *Id.* Officer Miller testified that he stopped the van to pursue an investigation, or to assist in the investigation, of possible drug trafficking. Therefore, we disagree that the stop was improperly based on the pretextual reason that Officer Miller observed the driver committing a traffic violation. [MIO 8-9]

In our notice, we also proposed to hold that Officer Miller's decision to stop and investigate Defendant was justified because the information provided by JW and relayed to Officer Miller by Officer Simballa was sufficiently reliable to warrant Officer Miller's reasonable suspicion that a drug crime "was being or was about to be committed." *State v. Contreras*, 2003-NMCA-129, ¶ 7, 134 N.M. 503, 79 P.3d 1111. We noted that JW identified the make and model of the car involved in the alleged narcotics buy, identified the location of the drug buy, identified the driver of the van, and informed officers that the van was registered to Darlene Castillo. To corroborate that tip, Officer Miller followed the car to the specified location and ran a license check to determine that the van was indeed registered to Darlene Castillo. We

propose to hold that this is sufficient to provide Officer Miller with a reasonable suspicion to stop the van for suspected drug activity. *See State v. Ochoa*, 2008-NMSC-023, ¶ 20, 143 N.M. 749, 182 P.3d 130 (stating that "where the officer independently confirms the third-party's information about a defendant—including the defendant's description or actions—the officer may reasonably rely on that information"); *State v. Pallor*, 1996-NMCA-083, ¶ 12 , 122 N.M. 232, 923 P.2d 599 (rejecting the defendant's claim of pretext and holding that the officers "were aware of articulable facts which would lead to a reasonable suspicion that [the d]efendant was in possession of illegal narcotics and could have made the stop on that basis").

In his memorandum in opposition, Defendant has failed to persuade us that our analysis or proposed disposition is in error. Moreover, he has failed to make any new arguments warranting a reconsideration of whether the motion to suppress should have been granted. [MIO 6-10]

**CONCLUSION**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm the district court's decision to deny Defendant's motion to suppress and affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**ROBERT E. ROBLES, Judge**

8